| | | |
|---|---|---|
| JOSEPH PRYOR<br>201 Warren Avenue<br>Baltimore, MD 21230 | * | IN |
| | * | CIRCUIT COURT |
| and | * | FOR |
| YVETTE PRYOR<br>201 Warren Avenue<br>Baltimore, MD 21230 | * | BALTIMORE CITY |
| | * | Case No.:_____ |
| Plaintiffs, | * | |
| v. | * | |
| WALGREENS STORE #5408<br>1300 E. North Avenue<br>Baltimore, MD 21213 | * | |
| | * | |
| Serve on: Resident Agent<br>Walgreen Co.<br>302 Wilmot Road<br>Deerfield, IL 60015-4618 | * | |
| | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND PRAYER FOR JURY TRIAL

NOW COMES the Plaintiffs, Joseph & Yvette Pryor, by and through their attorneys Robert E. Joyce and The Law Office of Barry R. Glazer, LLC and sues the above captioned Defendants and, in support of his claim, alleges as follows:

1. Venue is proper in Baltimore City.

2. At all times relevant to this complaint, Defendant Walgreens Store #5408 (hereinafter "Walgreens") is/was a corporation licensed to do business in the state of Maryland and is responsible for the hiring, firing, supervision and/or training of loss prevention officers and/or security guards. Defendant represented to the public and to the Plaintiff that it possessed that degree of skill, knowledge and ability ordinarily possessed by corporations carrying on a retail business

through its agents, servants, and/or employees and owed a duty to Plaintiff to exercise the degree of care, skill and judgment exercised by reasonably prudent and competent retail outlets in performing loss prevention through identified and/or yet to be identified agents, servants and/or employees.

3. At all times relevant to this complaint, the yet to be identified loss prevention officer and/or security guard is/was an agent, servant and/or employee of Defendant Walgreens. Furthermore, the yet to be identified loss prevention officer and/or security guard, at the time of the occurrence, was directly responsible for threatening Plaintiff with a gun while he was using the bathroom because Plaintiff had taken his bag with his medications into the bathroom with him rather than checking the bag at the front of the store. The yet to be identified loss prevention officer and/or security guard represented to the public and to the Plaintiff that he possessed that degree of skill, knowledge and ability ordinarily possessed by a reasonably prudent loss prevention officer and/or security guard and owed a duty to Plaintiff to exercise the degree of care, skill and judgment exercised by reasonably prudent and competent loss prevention officer and/or security guard in performing loss prevention through identified and/or yet to be identified agents, servants and/or employees.

10. On or about April 22, 2019, at approximately 1:45 p.m., Plaintiff was shopping at the Defendant Walgreens located at 1300 E. North Avenue in Baltimore City, Maryland. Plaintiff takes the prescription drug metformin for his diabetes, which has an unfortunate side effect of causing diarrhea. With a sudden urge to use the restroom, Plaintiff asked the cashier[1] in the front if there was a public restroom. The cashier pointed and said "go straight to the back and someone will let you in." A woman who happened to be standing nearby and overheard the conversation said "I

---

[1] For purposes of identification, the cashier was a younger African-American woman.

might as well use it too" and the cashier directed her also to the back of the store.

11.  The cashier then got on the public address system and said "Customer Care - Someone needs to be let into the restroom." As the Plaintiff and the other woman approached there was an employee[2] standing at the doors to let them in. She let both of them to their respective bathrooms.

12.  Plaintiff entered the restroom and hung his bag on the arm of the hinge so that he did not have to put it on the dirty floor. The bag contained his medicines and other personal care items he took with him when out.

13.  He began to use the toilet. He was on the toilet for approximately 2-3 minutes when he heard the code being punched into the door lock to his restroom. Plaintiff politely said "excuse me, I'm in here" to the person coming in the door. The person did not stop trying to enter, even after the Plaintiff alerted them to his presence several times.

14.  Suddenly, an armed security guard burst through the door with his hand on his sidearm. He shouted "YOU NEED TO STEP OUT, I NEED TO SEE YOU NOW!...EVERYTHING IS BEING RECORDED!". At the same time, the woman who was using the other bathroom came outside and witnessed the standoff. She asked "what is wrong?" to the security guard and he shouted "HIS BAG HAS NO BUSINESS BEING UP THERE!!"..."EVERYTHING IS BEING RECORDED...YOU NEED TO TAKE YOUR BAG UP FRONT!!"

15.  Despite Plaintiff's pleas to allow him to finish up the guard insisted he move immediately. Plaintiff got off the toilet and got diarrhea on and in his pants since he was not able to clean himself for fear of getting shot. The security guard never drew the gun on the Plaintiff, but

---

[2] For purposes of identification, the employee was a Caucasian woman approximately 40 years old.

3

had unsnapped the holster with his hand on the grip.

16. Plaintiff continued pleading with the security guard stating over and over and over again "there is no crime here!". The security guard had a smirk on his face the whole time. The security guard left the bathroom a few moments later and the Plaintiff was able to clean himself up somewhat.

17. Due to the commotion caused by the security guard, a man in the pharmacy area was observed to have his hand over his heart and the pharmacy called the manager. After she dealth with that situation, she then interviewed the Plaintiff. The manager told the Plaintiff the store has no "bag policy." This was reiterated later by the District Manager who also stated there was no "bag policy."

18. All told, Plaintiff was detained for several minutes in a small bathroom being threatened by a heavily armed security guard who was threatening him with deadly force for no apparent reason, other than to inflict pain and suffering on the Plaintiff. He was held there, against his will and in a pool of his own feces, without probable cause for having committed any criminal act whatsoever. Plaintiff was embarrassed and humiliated by Defendants and their agents, servants and/or employees. Plaintiff suffered conscious pain and suffering as a result of his confinement.

## COUNT I-NEGLIGENCE

19. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through eighteen (18) of the Complaint as if fully set forth herein and further alleges as follows:

20. At all times relevant to this complaint and contrary to acceptable standards of care as practiced by reasonably prudent retail establishments, retail property managers, leasing agents and/or owners acting in the same or similar circumstances, the Defendant and/or their actual and/or apparent agents, servants and/or employees negligently failed to properly monitor and/or observe

4

their loss prevention, security personnel and/or management personnel in order to prevent warrantless detainment with threats of deadly force lacking in probable cause; negligently hired employees without the proper training in loss prevention and/or security training; negligently hired employees who lacked adequate administrative and/or supervisory skills to manage and/or oversee loss prevention and/or security personnel in a retail setting; negligently failed to discharge undertrained, inexperienced and/or reckless employees when Defendants knew or should have known of their propensity for warrantless detainment with threats of deadly force lacking in probable cause and/or a reasonable suspicion of an imminent crime; negligently failed to properly hire, train and/or supervise employees to prevent warrantless arrests lacking in probable cause; and, were otherwise and further negligent.

21. As a direct and proximate result of the negligent failure of the Defendants and/or their actual and/or apparent agents to prevent warrantless arrests lacking in probable cause, as set forth hereinabove, the Plaintiff suffered continuous and extreme conscious pain and suffering, public humiliation and embarrassment.

22. That furthermore, as a direct and proximate result of the above described negligence of the Defendant and/or its actual and/or apparent agents, servants and/or employees, the Plaintiff suffered excruciating and unremitting conscious pain and suffering, post-traumatic stress disorder, incurred hospital, psychological and medical expenses, and was otherwise damaged and injured in the past and foreseeably into the future. Had Defendants not been derelict in their duties to prevent these types of incidents, the Plaintiff would not have suffered said injuries.

23. That each of the damages and injuries sustained by Plaintiff are a direct and proximate result of the aforesaid negligence of each of the Defendants named herein and/or its actual and/or

5

apparent agents, servants and/or employees as aforesaid, without any negligence of the Plaintiff contributing thereto.

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory damages in excess of seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

## COUNT II-ASSAULT

24. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through twenty-three (23) of the Complaint as if fully set forth herein and further alleges as follows:

25. As a result of being threatened by deadly force by the agent, service and/or employee of the Defendant, the Plaintiff justifiably feared that he would be killed or injured by the Defendant's security guard.

26. Defendant's security guard acted with the intent and capability to do bodily harm to the Plaintiff.

27. Defendant's security guard's actions caused Plaintiff to be put in reasonable apprehension of an imminent battery.

28. As a result of the Defendant's security guard's conduct and actions, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses and loss of income.

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory and punitive damages in excess of

6

seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

## COUNT III - FALSE ARREST AND IMPRISONMENT

29. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through twenty-eight (28) of the Complaint as if fully set forth herein and further alleges as follows:

30. As stated above, Defendant, through its agents, servants and/or employee the yet to be identified security guard, illegally detained the Plaintiff in the bathroom and threatened him with his sidearm for allegedly violating a non-existent "bag rule". This false accusation by Defendant, by and through its agents, servants and/or employees lead to the illegal detainment of Plaintiff by the actual and/or apparent agents of Defendant.

31. Defendant wrongfully accused and falsely detained and humiliated the Plaintiff, with the use of unnecessary force, of violation of a non-existent "bag rule" and/or attempted theft and/or trespassing without probable cause that Plaintiff had committed any felony and/or misdemeanor of any kind.

32. That, thereafter, the Plaintiff was forced to remain in the confines of the Defendant's bathroom under the threat of deadly force and in a puddle of his own feces by reason of physical and verbal intimidation and threats of force practiced by the agents, servants and/or employees of Defendant for actions he did not commit.

33. Plaintiff was deprived of his liberty and freedom without his consent and without justification by Defendant, through its agents, servants and/or employees, by the aforesaid physical and verbal acts.

7

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory and punitive damages in excess of seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

### COUNT IV- DEFAMATION

34. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through thirty-three (33) of the Complaint as if fully set forth herein and further alleges as follows:

35. Defendant, through its agent, servant and/or employee security guard, communicated to third parties a false statement regarding the Plaintiff which exposed the plaintiff to public scorn, hatred, contempt, ridicule and detention by security personnel. The statement was not consented to nor was the statement privileged.

36. That the publication of the statement was evidenced by the communication by agents, servants and/or employees of Defendant the and others, including various customers in Defendant's store, various employees of Defendant and others who witnessed the false arrest. These individuals clearly understood that the statement was in reference to the Plaintiff and understood the meaning of the statement.

37. Defendant, through its agents, servants and/or employee security guard, at no time ever observed the Plaintiff unlawfully taking any property from Defendant nor was there ever in existence any "bag rule" that the Plaintiff was allegedly violating. These allegations were made despite the fact that Defendant and its agents, servants and/or employee security guard, had access

8

to files and/or camera images that could have been employed to confirm Defendant suspicions of Plaintiff.

38. Defendants and its agents, servants and/or employees, acted in willful and wanton and reckless disregard of the truth.

39. As a proximate cause of the defamation, Plaintiff has been caused to suffer ridicule, public scorn, hatred, contempt, embarrassment, impairment of his reputation and standing in the community, personal humiliation and extreme mental anguish.

40. Defendants knew the statement was false and that it defamed the Plaintiff. Knowing the falsity of the statement, Defendants acted in reckless disregard of the truth in detaining Plaintiff under the threat of deadly force and in a puddle of his own feces.

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory and punitive damages in excess of seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through forty (40) of the Complaint as if fully set forth herein and further alleges as follows:

42. That the Defendant's conduct, by and through their agents, servants and/or employees was intentional and had the specific purpose of inflicting emotional distress upon the Plaintiff, as evidenced by the complete falsity of the accusation against the Plaintiff.

43. That the Defendants knew or should have known that emotional distress would likely result from the accusation and forcible detainment by the subject security guard while the Plaintiff

was in the process of using the bathroom to relive himself.

44. That the Defendants' conduct was outrageous and intolerable and offends against the generally accepted standards of decency and morality.

45. That the accusation of theft, trespassing and/or violation of a non-existent "bag rule" while threatening deadly force against an innocent individual is intolerable in a civilized community where the law must be respected and used only in meritorious and proper situations.

46. That placing such an accusation against the Plaintiff inflicted severe emotional stress upon him and offended all possible bounds of decency.

47. That the confinement of the Plaintiff without probable cause is intolerable as well and offends against the generally accepted standards of decency and morality as to rise to the level of outrageousness.

48. That there was a causal connection between the conduct of the Defendant and the emotional distress suffered by the Plaintiff since the Plaintiff would not have suffered the harm if the Defendants had not made the accusations and confined the Plaintiff under threat of deadly force while standing a puddle of his own feces.

49. That the emotional distress suffered by the Plaintiff was severe in that he was embarrassed and publicly humiliated before the general public in the store, and others; he was subjected to public scorn as being branded a criminal; he was caused severe emotional distress in knowing that the allegations were completely and utterly false and yet was detained under threat of deadly force in a puddle of his own feces for crimes he did not commit.

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory and punitive damages in excess

of seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

## COUNT VI - VIOLATION OF MARYLAND CONSTITUTIONAL RIGHTS

50. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through forty-nine (49) of the Complaint as if fully set forth herein and further alleges as follows:

51. As a result of the foregoing wrongful acts and omissions of the Defendants, the Plaintiff was deprived of his liberty, freedom, property and otherwise denied the substantive and procedural rights guaranteed to him by Articles 19, 21 and 24 of the Declaration of Rights of the Maryland Constitution.

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory and punitive damages in excess of seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

## COUNT VII - LOSS OF CONSORTIUM

52. Plaintiffs, Joseph Pryor, et al., adopts and incorporates by reference paragraphs one (1) through fifty-one (51) of the Complaint as if fully set forth herein and further alleges as follows:

53. The Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint and continue to be husband and wife.

54. The conduct of the agent, servant and/or employee of Defendant while acting in his capacity as a security guard for Defendant, caused injury to the marital relationship of Plaintiffs, including loss of society, affection, assistance, companionship, and loss of sexual relations.

55. The conduct of the agent, servant and/or employee of Defendant, while acting in his

11

capacity as a security guard, was the sole and proximate cause of all of the injuries and damages claimed herein, without any negligence on the part of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiffs, Joseph Pryor, et al. by and through their attorney bring this action against the above named Defendants and claim compensatory in excess of seventy-five thousand dollars ($75,000.00) plus costs, and for such other and further relief as may be necessary and proper.

Respectfully Submitted:

LAW OFFICE OF BARRY R. GLAZER, LLC

/S/ ROBERT E. JOYCE

By: _____
Robert E. Joyce
Attorney Bar No.: 0012120336
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
Phone: (410) 547-8568
Fax:   (410) 547-0036
E-mail: RJoyce@barryglazer.com

Attorney for Plaintiffs

## PRAYER FOR A JURY TRIAL

Plaintiffs, Joseph Pryor, et al., respectfully requests a jury trial in the above-captioned matter

Respectfully Submitted:

LAW OFFICE OF BARRY R. GLAZER, LLC

By: /s/ *Robert E. Joyce*
Robert E. Joyce
Attorney Bar No.: 0012120336
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
Phone: (410) 547-8568
Fax: (410) 547-0036
E-mail: RJoyce@barryglazer.com

Attorney for Plaintiffs



CERTIFIED MAIL

7015 1730 0000 7958 6841

**144G**



$5.55 US POSTAGE
6 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 5
RETAIL

062S0011200741
FROM 21230

stamps
endicia
08/04/2020

## USPS FIRST CLASS MAIL®

Law Office of Barry R. Glazer
P. O. Box 27166
1010 Light Street
Baltimore MD 21230

C042

SHIP TO:  Resident Agent
Walgreen Co
302 Wilmot Road
Deerfield IL 60015-4618

USPS CERTIFIED MAIL™

9407 1118 9956 3063 2472 52