IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH PRYOR, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Case No. 20-2603-SAG |
| | * | |
| WALGREENS STORE #5408, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

This case involves claims arising out of an interaction between a security guard and a Walgreens customer at one of its stores, Walgreens Store #5408 ("Walgreens"). Joseph Pryor ("Pryor") and his wife (collectively "Plaintiffs") sued Walgreens in the Circuit Court for Baltimore City, alleging state law claims for negligence, assault, false arrest and imprisonment, defamation, intentional infliction of emotional distress, violation of the Maryland Constitution, and loss of consortium. ECF 3. Walgreens removed the Complaint to this Court. ECF 1. Currently pending is Plaintiffs' motion for leave to file an amended complaint ("the Motion") seeking to name the security guard, Will Smith Jr., as a defendant, along with his employing agency, Safe Environment Business Solutions, Inc. ("SEBS"). ECF 22. This Court has reviewed the Motion, Walgreens's opposition, ECF 23, and Plaintiffs' reply, ECF 24. No hearing is necessary. *See* Loc. R. 105.8 (D. Md. 2018). For the reasons that follow, Plaintiffs' Motion for Leave to Amend is granted, and the case is remanded to state court.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs, who are Maryland residents, filed their Complaint in state court on June 24, 2020. ECF 3. Plaintiffs allege that Pryor suffered injury when an armed security guard detained

1

him for entering a Walgreens restroom with his shopping bag. *Id.* Walgreens removed the action to this Court, citing diversity jurisdiction. ECF 1.

This Court entered a scheduling order on October 5, 2020, allowing discovery to commence. ECF 16. On January 13, 2021, Plaintiffs filed the instant motion seeking leave to amend to name the security guard, Will Smith, Jr., and his employing agency, SEBS, as defendants along with Walgreens. Smith is a resident of Maryland, as are Plaintiffs. *See, e.g.*, ECF 22-1. Accordingly, the inclusion of Smith as a Defendant would defeat complete diversity of citizenship and would require remand of this case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.     LEGAL STANDARD

In a diversity case, the Court applies federal procedural rules. *See, e.g.*, *Chartis Prop. Cas. Co. v. Huguely*, 243 F. Supp. 3d 615, 622 (D. Md. 2017). Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Delay alone is not sufficient reason to deny leave to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Rather, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *see also Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend

rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

In this case, though, given that diversity jurisdiction will be defeated if amendment is permitted, this Court must "consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes v. Rapoport,* 198 F.3d 457, 463 (4th Cir. 1999). Looking closely at Plaintiffs' actions here, despite their apparent desire to return this case to state court, it is clear that the purpose of their proposed amendment is not simply to defeat federal jurisdiction. The original complaint referred to a "yet to be identified loss prevention officer and/or security guard" as the person who confronted Pryor. *See, e.g.*, ECF 3 ¶ 3. Upon identifying Smith through discovery, Plaintiffs now seek to amend their complaint to name him as an individual defendant. Such amendment makes logical and strategic sense. Although, as Walgreens argues, SEBS has apparently agreed to defend and indemnify Walgreens, no representations have been made about SEBS's or Walgreens's intentions to defend and indemnify Smith. There is a distinct possibility that the corporations could claim that Smith was acting outside the scope of his employment in his interactions with Pryor. Accordingly, Plaintiffs could be significantly injured if their proposed amendment to name Smith as an individual defendant is denied. Thus, Plaintiffs cite a valid purpose for their amendment other than defeating diversity jurisdiction. Moreover, they have not been dilatory in seeking amendment, but sought it within a reasonable time after learning Smith's identity in discovery. This proposed amendment, then, is not a mere device being employed by Plaintiffs to force remand to state court, and the general presumptions in favor of liberally permitting amendment should apply.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Amend, ECF 22, is GRANTED. Because this Court will be deprived of subject matter jurisdiction once the Amended Complaint is filed, the case will be remanded to the Circuit Court for Baltimore City, Maryland for further adjudication. A separate Order is filed herewith.

Dated: February 9, 2020                                     /s/
                                                      Stephanie A. Gallagher
                                                      United States District Judge